UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:20-CV-00173-GNS-HBB

JOHNNY REEDY, et al().                                                                                    PLAINTIFFS

v.

KENNETH CLAY RATLEY, et al.                                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss (DN 10, 11, 12). The matters are ripe for adjudication. For the reasons discussed below, the motions are **GRANTED**.

### I.     STATEMENT OF FACTS

Plaintiffs Johnny and Lanora Kay Reed ("Plaintiffs", "Johnny", or "Kay") own property in Grayson County, Kentucky, through which runs Tanyard Spring Lick Road, a dead-end dirt-road spanning three-tenths of a mile (the "Road") which is not publicly maintained and is an extension of a public street known as Colston Lane. (Compl. ¶¶ 13-14, DN 1; Compl. Ex. 1, DN 1-1).[1] Defendant Cameron Bratcher ("Bratcher") and his friends and family, including Defendant Eddie Swift ("Swift"), used the Road as a public street for varying activities, like horseback riding and mudding. (Compl. ¶ 15).

In 2016, Johnny set up a blockade with a tractor and gate to stop Bratcher and Swift from using the Road. (Compl. ¶ 16). In response, Bratcher and Swift contacted the Grayson County

---

[1] "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto . . . and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

Attorney, Defendant Kenneth Ratley ("Ratley"). (Compl. ¶ 17). Ratley explained the road was private property, and that Bratcher and Swift would need to bring a civil suit against Johnny and Kay to get access. (Compl. ¶ 17). Dissatisfied with Ratley's answer, Bratcher, Swift, and the surrounding property owners, brought their complaint to a meeting of Defendant Grayson County Fiscal Court ("Fiscal Court") on July 15, 2016. (Compl. ¶ 18-19). Ratley testified at the meeting that a court order, not an act by the Fiscal Court, was required to force Johnny to remove the blockade. (Compl. ¶ 20). Regardless, the Fiscal Court passed a resolution "supporting" Bratcher and Swift's complaint. (Compl. ¶ 20). Accordingly, Ratley directed the Grayson County Sheriff deliver a letter to Johnny requiring him to remove the blockade within seven days or be subject to prosecution for obstruction of a public passage.[2] (Compl. ¶ 21).

Johnny did not remove the blockage, and on July 22, 2016, the Grayson County Sheriff issued Johnny a citation for obstructing a highway, allegedly at Ratley's behest. (Compl. ¶ 22). Johnny contends that Bratcher and Swift subsequently caused Ratley to include a recommendation

---

[2] The letter stated:

> Pursuant to orders from the Grayson County Fiscal Court, I have been directed to send you this letter regarding your continued and deliberate actions in closing an old county road known as Colston Lane. Based upon information provided, you have placed a chain, used a tractor to block access and cut down approximately forty (40) trees across said road. Your actions have directly resulting in preventing access to property you do not own at the back of said lane. As such, you are directed to remove any and all obstructions from said Colston Lane no later than seven (7) days from your receipt of this letter. Failure to do so will cause the issuance of a criminal summons or warrant for violation of KRS 525.140 which is obstruction of a public passage. Your immediate cooperation is appreciated. If you wish to make any statements regarding this matter, I would suggest that you speak with an attorney prior as any statements made can be used against you in subsequent legal proceedings.

(Compl. Ex. 2, DN 1-2); *see also Bassett*, 528 F.3d at 430.

in Johnny's bond a condition of release requiring him to remove the blockade. (Compl. ¶ 29). On August 11, the Grayson District Court adopted the bond recommendation. (Compl. ¶ 30).

Meanwhile, on August 5, 2016, Bratcher and Swift brought a criminal complaint against Kay on charges of disorderly conduct, menacing, and terroristic threatening. (Compl. ¶ 25). An arrest warrant was issued for Kay on August 5; she was arrested on August 6, released on bond on August 7, and arraigned on August 11. (Compl. ¶¶ 26-28, 31). On August 13, Johnny and Kay acquiesced and removed the blockade. (Compl. ¶ 32).

On January 12, 2017, Plaintiff sued their neighboring property owners in Grayson Circuit Court to settle the dispute regarding the Road. (Compl. ¶¶ 34-35). After a bench trial, the Grayson Circuit Court found the property was not a public road. (Compl. ¶ 36). In 2019, Defendant Jeremy Logsdon ("Logsdon") succeeded Ratley as the Grayson County Attorney and continued to prosecute Plaintiffs, despite the Grayson Circuit Court's holding. (Compl. ¶¶ 33, 37). Plaintiffs alleged Bratcher, Swift, and others worked in tandem with Logsdon and Ratley to prosecute Plaintiffs in order to force them to relinquish their rights in the Road. (Compl. ¶¶ 38-39). Both cases were still pending when the instant action was commenced on October 8, 2020, and a jury trial was scheduled for October 12, 2020. (Compl. ¶¶ 33, 37). Plaintiffs claim that at the insistence of Bratcher, Swift, and others, Ratley continued to refuse a plea deal or to dismiss either charge. (Compl. ¶ 33).

Plaintiffs allege the Fiscal Court, Bratcher, Swift, Logsdon, and Ratley abused process under state law and conspired to violate Plaintiffs "civil rights" pursuant to 42 U.S.C. §§ 1983 and 1985. (Compl. 10-13). Ratley, Logsdon, and the Fiscal Court moved to dismiss Plaintiffs' claims.[3]

---

[3] Neither party has explained the current status of Plaintiffs' criminal proceedings. When a plaintiff files a civil action "related to rulings that will likely be made in a pending or anticipated criminal trial", it is "common practice[] to stay the civil action until the criminal case or the

3

(Def.'s Mot. Dismiss, DN 10 [hereinafter Ratley Mot. Dismiss]; Def.'s Mot. Dismiss, DN 11 [hereinafter Fiscal Court Mot. Dismiss]; Def.'s Mot. Dismiss, DN 12 [hereinafter Logsdon Mot. Dismiss]). Fully briefed on the matter, the motion is ripe for decision.

## II. STANDARD OF REVIEW

A complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the nonmoving party, accepting "as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)). The nonmoving party, however, must plead more than bare legal conclusions. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). In order to survive a 12(b)(6) motion, "[the] complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleading need not contain detailed factual allegations, but the nonmoving party must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation omitted).

---

likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-394 (2007) (citing *Heck v. Humphrey*, 512 U.S. 477, 487-88 n.8 (1994); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)). While Plaintiffs' claims clearly implicate their state criminal cases, it is not necessary to address this issue because the Court grants Defendants' motions to dismiss.

### III. DISCUSSION

#### A. Grayson County Fiscal Court

Plaintiffs concede their claims against the Fiscal Court should be dismissed. (Pls.' Resp. Def.'s Dismiss 1, DN 30). The Court will, therefore, grant the Fiscal Court's motion to dismiss the claims against it.

#### B. Logsdon and Ratley

Logsdon and Ratley ("Defendants"), moved to dismiss Plaintiffs' claims, arguing they are entitled to sovereign immunity for claims brought in their official capacities, they are entitled to prosecutorial immunity for any claims brought in their individual capacities, each claim is time barred, and the Complaint is insufficiently pled.

##### 1. *Official Capacity Claims*

Plaintiffs fail to respond to Defendants' arguments regarding claims against them in their official capacities, and thus have waived opposition to it. *See Degolia v. Kenton Cty.*, 381 F. Supp. 3d 740, 759-60 (E.D. Ky. 2019) ("[W]hen a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." (internal quotation marks omitted) (citation omitted)). Under the Eleventh Amendment to the U.S. Constitution, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The Commonwealth of Kentucky has not waived its immunity, and in enacting Section 1983, Congress did not intend to override the traditional sovereign immunity of the states. *See Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004); *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991). "This [Eleventh Amendment] bar remains in effect when State officials

are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citations omitted). Accordingly, Plaintiffs' claims for monetary damages against Logsdon and Ratley, as employees of the Commonwealth of Kentucky, are barred by Eleventh Amendment immunity. *See Tunne v. Paducah Police Dep't*, No. 5:08 CV-188-R, 2010 WL 323547, at *8 (W.D. Ky. Jan. 21, 2010) ("Any official capacity claim against the McCracken County Prosecutor is barred by the Eleventh Amendment and is not cognizable under § 1983." (citations omitted)). Similarly, when sued in their official capacity, neither Defendant are "persons" subject to suit under Section 1983. *See Karsner v. Hardin Cty.*, No. 3:20-CV-125-RGJ, 2021 WL 886233, at *7 (W.D. Ky. Mar. 9, 2021) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

The Court therefore dismisses Plaintiffs' claims against Logsdon and Ratley in their official capacities.

### 2. *Individual Capacity Claims*[4]

#### a. Section 1985 claims

Plaintiffs concede their conspiracy claims against Defendants pursuant to Section 1985 should be dismissed. (Pls.' Resp. Def.'s Mot. Dismiss 3, DN 31 [hereinafter Pls.' Resp. Ratley Mot. Dismiss]; Pls.' Resp. Def.'s Mot. Dismiss 3, DN 32 [hereinafter Pls.' Resp. Logsdon Mot. Dismiss]). The Court, therefore, grants Defendants' motions on these claims.

#### b. Section 1983 claims

Defendants contend they are entitled to absolute prosecutorial immunity for Plaintiffs' Section 1983 claim and the claims are time barred. (Ratley Mot. Dismiss 7-9; Logsdon Mot.

---

[4] Defendants contend that because the Fiscal Court is dismissed, and Defendants are immune in their official capacity, they should be dismissed entirely, as the Complaint failed to name them in their individual capacity. (*See* Ratley Mot. Dismiss 5; Def.'s Reply Mot. Dismiss 4-5, DN 33). Ultimately, this issue is of no moment, as Defendants adequately contend with any potential liability.

6

Dismiss 5-8). Logsdon further argues that Plaintiffs failed to plead a violation of any constitutional right. (Logsdon Mot. Dismiss 9-10). In their Complaint, Plaintiffs only alleged that Defendants conduct amounted to "a deprivation of the civil rights of the Plaintiffs . . . ." (Compl. ¶ 9; *see also* Compl. ¶¶ 42, 44, 46, 47, 48, 49). In their responses, Plaintiffs maintained Defendants "depriv[ed] the Reedys of equal protection under the laws of the Commonwealth. In short, the Reedys' 'state law' claims for abuse of process also show a deprivation of their Constitutional rights under the Fourteenth Amendment." (Pls.' Resp. Ratley Mot. Dismiss 3; Pls.' Resp. Logsdon Mot. Dismiss 3). Nowhere in the Complaint, however, do Plaintiffs indicate what "civil rights" were violated, or make any reference to the Fourteenth Amendment. Similarly, Plaintiffs' contention that their abuse of process claims provided notice for a claim under Section 1983 is unpersuasive as "a federal abuse of process claim does not exist in the law of this circuit." *Rapp v. Dutcher*, 557 F. App'x 444, 448 (6th Cir. 2014) (citation omitted); *see also Hawkins v. Cty. of Webster*, No. 4:18CV-00161-JHM, 2021 WL 682077, at *3 (W.D. Ky. Feb. 22, 2021). Plaintiffs have not offered any justification for a federal abuse of process claim in this particular case. *See Maqablh v. Carter*, No. CV 19-83-DLB, 2020 WL 1846992, at *4 (E.D. Ky. Apr. 10, 2020). Similarly, "§ 1983 contains no substantive rights. It merely provides a vehicle for vindicating rights found in the Constitution or another federal law." *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1160 (6th Cir. 2021) (citing *Graham*, 490 U.S. at 393-94). Accordingly, the Court grants Defendants' motions as Plaintiffs failed to allege the basis of their Section 1983 claim.

### c. Abuse of Process

Plaintiffs contend Defendants abused process under Kentucky law throughout the course of Johnny and Kay's prosecution.[5] "Similar to federal law, Kentucky offers both absolute immunity and qualified immunity to prosecutors." *Howell v. Sanders*, 668 F.3d 344, 355 (6th Cir. 2012) (citing *Jefferson Cty. Commonwealth Att'y's Off. v. Kaplan*, 65 S.W.3d 916, 920 (Ky. 2002)). Under federal law, "[p]rosecutors have absolute immunity from liability under § 1983 when engaging in activities 'intimately associated with the judicial phase of the criminal process,' such as initiating a prosecution or seeking an arrest warrant." *Crossett v. Emmet Cty.*, No. 20-1268, 2020 WL 8969795, at *3 (6th Cir. Nov. 12, 2020) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). "Meanwhile, functions which are more 'investigative' or 'administrative' in nature, because they are more removed from the judicial process, are subject only to qualified immunity." *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)). "Kentucky also uses function as the dividing line, providing absolute immunity for a prosecutor's actions taken as an advocate and only qualified immunity for those taken as an investigator." *Howell*, 668 F.3d at 355 (citing *McCollum v. Garrett*, 880 S.W.2d 530, 535 (Ky. 1994)); *see also Karsner*, 2021 WL 886233, at *8-9 ("Kentucky law looks to federal law in analyzing absolute prosecutorial immunity . . . ." (citation omitted)).

The line between investigative and prosecutorial functions has commonly been illustrated this way:

> "[A] prosecutor who performs functions typically undertaken by a police officer or detective, e.g., actively gathering evidence or deciding whether to follow up on an

---

[5] It would be imprudent to deny supplemental jurisdiction at this stage, as two private Defendants remain, and Plaintiffs invoked federal jurisdiction by alleging these Defendants violated § 1985 through their concerted actions with Ratley and Logsdon. (Compl. ¶¶ 47-48). Similarly, both private Defendants have answered and asserted crossclaims, but have not moved before this Court. (Answer, DN 13; Answer, DN 14).

> investigative lead, is not entitled to absolute immunity if the prosecutor performs these functions outside his actions as an advocate for the state. By contrast, a prosecutor who "evaluat[es] evidence and interview[s] witnesses as he prepares for trial" is protected by absolute immunity.

*Prince v. Hicks*, 198 F.3d 607, 612 (6th Cir. 1999) (second and third alterations in original) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273-74 (1993)). If the prosecutor was engaged in prosecutorial functions, he is absolutely immune regardless of whether he undertook his actions maliciously, in bad faith, or with an improper motive. *See Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989).

Plaintiffs' allegation that Ratley's directed the Grayson County Sheriff to issue a citation after Johnny failed to remove the blockade is essentially an attack on Ratley's decision to prosecute Johnny; however, such a decision is entitled to absolute immunity.[6] *Howell v. Sanders*, 755 F. Supp. 2d 789, 796 (E.D. Ky. 2010), *aff'd*, 668 F.3d 344 (6th Cir. 2012) ("[D]eciding to initiate a prosecution is subject to absolute immunity." (citations omitted)). The same is true for the decision to prosecute Plaintiffs generally, even for the benefit of Bratcher and Swift. *See Howell*, 668 F.3d at 350 ("[A] prosecutor who maliciously institutes a false prosecution with no probable cause is entitled to absolute immunity." (citation omitted)); *Grant*, 870 F.2d at 1138 ("Absent absolute immunity, suits for malicious prosecution or abuse of process would be a common response by defendants when the state's case fails . . . ." (citation omitted)). Similarly, Ratley's

---

[6] This is not an instance in which Plaintiffs allege Ratley counseled the Grayson County Sheriff on the legality of an arrest or instructed the Sheriff to arrest Johnny, which would not be entitled to absolute immunity. *See Prince*, 198 F.3d at 615; *Harris v. Bornhorst*, 513 F.3d 503, 510-11 (6th Cir. 2008). Instead, Plaintiffs allege "Johnny's citation directed that he appear before the Grayson District Court ("GDC") on August 11, 2016, to answer the charges." (Compl. ¶ 22); *see also Drake v. Howland*, 463 F. App'x 523, 527 (6th Cir. 2012) (granting prosecutorial immunity for the issuance of a complaint where it functioned as a summons, because,"[u]nlike an arrest warrant, a summons requiring a defendant to appear and answer charges in court does not alone constitute an arrest, or even a seizure under the Fourth Amendment." (citations omitted)).

9

decision to send Johnny a letter threatening criminal prosecution through the Grayson County Sheriff was clearly done as an advocate of the state, irrespective of motive. *See Cady v. Arenac Cty.*, 574 F.3d 334, 341 (6th Cir. 2009) ("[A] prosecutor's allegedly improper motive alone is not enough to defeat absolute immunity, so long as the general nature of his actions falls within the scope of his duties as an advocate for the state."); *see also Light v. Haws*, No. 1:03-CV-0725, 2007 WL 2916461, at *5 (M.D. Pa. Oct. 5, 2007) ("Various courts that have considered the precise reach of immunity have extended it to . . . auguring future prosecution or enforcement proceedings." (collecting cases)); *Payson v. Ryan*, No. 90-1873, 1992 WL 111341, at *7 (E.D. Pa. May 14, 1992), *aff'd*, 983 F.2d 1051 (3d Cir. 1992) ("[C]ourts have held that prosecutors are absolutely immune for threatening prosecution." (collecting cases)).

Likewise, Defendants' alleged failure to independently investigate Plaintiffs' charges, regardless of the reason, is squarely based on their failure to "evaluat[e] evidence and interview[] witnesses as [they] prepare[d] for trial", not on conduct arising in the course of "gathering evidence or deciding whether to follow up on an investigative lead", like a police officer or detective. *Prince*, 198 F.3d at 612. Ratley's and Logsdon's refusal to dismiss Plaintiffs' case, even after the Grayson Circuit Court's ruling, is similarly entitled to absolute immunity. *See Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("The decision on whether or not to prosecute is unquestionably advocacy and is at the heart of the *Imbler* holding." (citation omitted)); *Carver v. Mack*, 112 F. App'x 432, 437 (6th Cir. 2004) (granting prosecutorial immunity when "a prosecutor fails to drop charges immediately that were properly handed down by a grand jury, simply because new evidence comes to light that casts some doubt on the guilt of the accused."). The same is true regarding Defendants refusal to engage in plea negotiations. *See Rouse v. Stacy*, 478 F. App'x 945, 951 (6th Cir. 2012) ("Plea bargains are 'so intimately associated with the prosecutor's role as

an advocate of the State in the judicial process as to warrant absolute immunity.'" (citation omitted)). The same applies to Ratley's recommendation and conduct involved in Johnny's bond conditions. *See Ghaith v. Rauschenberger*, 493 F. App'x 731, 740 n.4 (6th Cir. 2012) ("[P]rosecutors[] appearing at a bond hearing and arguing against a reduction in bond . . . [are] shielded by absolute prosecutorial immunity . . . ." (citation omitted)). Under Kentucky law, Defendants are entitled to absolute prosecutorial immunity.[7]

## IV.   CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (DN 10, 11, 12) are **GRANTED**. Plaintiffs' claims against Defendant Grayson County Fiscal Court are **DISMISSED WITH PREJUDICE**. Plaintiffs' claims for a violation of their rights under 42 U.S.C. § 1983 against Defendants Kenneth Clay Ratley and Jeremy S. Logsdon are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' claims for a violation of their rights under 42 U.S.C. § 1985 and abuse of process against Defendants Kenneth Clay Ratley and Jeremy S. Logsdon are **DISMISSED WITH PREJUDICE**. Plaintiffs' claims against Defendants Cameron N. Bratcher and Eddie Swift are the only claims that remain.

Greg N. Stivers, Chief Judge
United States District Court

April 29, 2021

cc:   counsel of record

---

[7] As the Court holds Defendants are entitled to absolute immunity, it need not address Defendants' arguments that any claim is time-barred. With respect to the statute of limitations, it is unclear from the record that the Complaint was filed more than one year after this claim accrued.

11