UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:20-CV-00173-GNS-HBB

JOHNNY REEDY, et al.                                                    PLAINTIFFS

v.

KENNETH CLAY RATLEY, et al.                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Motions for Summary Judgment filed by Defendants
Eddie Swift ("Swift") and Cameron N. Batcher ("Batcher") (DN 45, 46).  This matter is ripe for
adjudication.  For the reasons discussed below, the motions are **GRANTED IN PART** and
**DENIED IN PART**.

## I.        STATEMENT OF FACTS

Plaintiffs Johnny Reed ("Johnny") and Lanora Kay Reed ("Kay") own property in Grayson
County, Kentucky, through which runs Tanyard Spring Lick Road (the "Road"), a dead-end dirt-
road spanning three-tenths of a mile which is not publicly maintained.  (Compl. ¶¶ 13-14, DN 1;
Compl. Ex. 1, DN 1-1).  Bratcher and his friends and family, including Swift, used the Road as a
public street.  (Compl. ¶ 15).  In 2016, a dispute arose over the Road and Johnny set up a blockade
to stop Bratcher and Swift from using the Road.  (Compl. ¶ 16).  In response, Bratcher and Swift
contacted the Grayson County Attorney, Defendant Kenneth Clay Ratley ("Ratley").  (Compl. ¶
17).  Ratley allegedly explained the road was private property and that Bratcher and Swift would
need to bring a civil suit against Johnny and Kay to get access.  (Compl. ¶ 17).  Bratcher, Swift,

and the surrounding property owners then brought their complaint to a meeting of Defendant Grayson County Fiscal Court ("Fiscal Court").  (Compl. ¶¶ 18-19).  The Fiscal Court passed a resolution "supporting" Bratcher and Swift's complaint.  (Compl. ¶ 20).  Accordingly, Ratley directed the Grayson County Sheriff to deliver a letter to Johnny requiring him to remove the blockade within seven days or be subject to prosecution for obstruction of a public passage.  (Compl. ¶ 21).  Johnny did not remove the roadblock, and the Grayson County Sheriff issued Johnny a citation for obstructing a highway, allegedly at Ratley's behest.  (Compl. ¶ 22).  Johnny also contends that Bratcher and Swift subsequently caused Ratley to include a recommendation in Johnny's bond conditions requiring him to remove the blockade.  (Compl. ¶ 29).  On August 11, the Grayson District Court adopted the bond recommendation.  (Compl. ¶ 30).

Meanwhile, on August 5, 2016, Bratcher and Swift filed a criminal complaint against Kay on charges of disorderly conduct, menacing, and terroristic threatening.  (Compl. ¶ 25).  Kay was arrested that same day.  (Compl. ¶¶ 26-28, 31).  On August 13, Johnny and Kay acquiesced and removed the blockade.  (Compl. ¶ 32).

Plaintiffs sued the neighboring property owners in Grayson Circuit Court to settle the dispute regarding the Road, and, as a result of that lawsuit, the Road was declared to be a private road.  (Compl. ¶¶ 34-36).  Despite this ruling, Plaintiffs allege that Bratcher, Swift, and others worked in tandem with the new Grayson County Attorney, Defendant Jeremy Logsdon ("Logsdon"), and Ratley to further prosecute Plaintiffs in order to force them to relinquish their rights in the Road.  (Compl. ¶¶ 33, 37-39).  Plaintiffs claim that at the insistence of Bratcher, Swift, and others, Ratley refused a plea deal or to dismiss either charge.  (Compl. ¶ 33).

In this action, Plaintiffs allege the Fiscal Court, Bratcher, Swift, Logsdon, and Ratley abused process under state law and conspired to violate Plaintiffs' civil rights pursuant to 42 U.S.C.

§§ 1983 and 1985.  (Compl. ¶¶ 10-13).[1]  Swift and Batcher now move for summary judgment on all claims against them.[2]  (Def.'s Mot. Summ. J. DN 45 [hereinafter Swift's Mot. Summ. J.]; Def.'s Mot. Summ. J., DN 46 [hereinafter Batcher's Mot. Summ. J.]).

## II.   <u>STANDARD OF REVIEW</u>

Under Fed. R. Civ. P. 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  There is no genuine issue of material fact when "looking to the record as a whole, a reasonable mind could come to only one conclusion . . . ."  *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 186 (6th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).  "When moving for summary judgment the movant has the initial burden of showing the absence of a genuine dispute as to a material fact."  *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  "The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists 'a genuine issue for trial.'"  *Id.* (citing *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004)).

While the Court views the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted).  Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by

---

[1]The claims against Ratley, Logsdon, and the Fiscal Court have previously been dismissed.  (Order 11, DN 35).
[2]While Swift and Bratcher address Plaintiffs' Section 1983 claim in their motions, the Complaint does not purport to assert such a claim against them.  (Compl. ¶¶ 41-44).

"showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### III.  DISCUSSION

#### A.  42 U.S.C. § 1985 Claim

Bratcher and Swift contend that they are entitled to summary judgment as a matter of law because the Complaint fails to allege that Plaintiffs are members of a protected claim, which is a required element of a Section 1985 claim. (Swift's Mot. Summ. J. 4; Batcher's Mot. Summ. J. 4). While not clear, this claim appears to be premised Section 1985(3), which provides:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).[3]

---

[3] Neither of the other provisions in 42 U.S.C. § 1985 appear applicable to this dispute as they relate to interference with public office, Section 1985(1), and obstruction of justice and intimidation of parties, witnesses, or jurors, Section 1985(2).

To state a claim under Section 1985(3), a plaintiff must allege and prove that discriminatory animus was directed at a member of a protected class. *Griffin v Breckenridge*, 403 U.S. 88, 102 (1971). To qualify, "a class must possess the characteristics of a discrete and insular minority, such as race, national origin, or gender." *Lee v. Miller*, No. CV 15-14255, 2017 WL 6621544, at *7 (E.D. Mich. Dec. 28, 2017) (internal quotation marks omitted) (quoting *Haverstick Enter., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 994 (1994)). In the Complaint, however, Plaintiffs have failed to allege membership in any such class, and thus, summary judgment on Plaintiffs' Section 1985 claim is warranted.

### B.    State Law Claim and Counterclaim

The dismissal of the Section 1985 claim removes the sole federal claim in this action. Because the remaining claim[4] and Defendants' counterclaim involve questions of state law, the Court will decline to exercise its supplemental jurisdiction over those claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014). The remaining state law claim and counterclaim will therefore be dismissed without prejudice.

### IV.    CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** that Defendants' Motions for Summary Judgment (DN 45, 46) are **GRANTED IN PART** and **DENIED IN PART**. Summary Judgment is **GRANTED** on Plaintiffs' 42 U.S.C. § 1985 claim, and the claim is **DISMISSED WITH PREJUDICE**. Plaintiffs' state law claims and Defendants' counterclaim

---

[4] In the Complaint, Plaintiffs purport to assert state law claims for abuse of process and punitive damages. (Compl. ¶¶ 50-60). As this Court has noted, however, "a claim for punitive damages is not a separate cause of action, but a remedy potentially available for another cause of action." *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378-79 (W.D. Ky. 2012) (citation omitted).

are **DISMISSED WITHOUT PREJUDICE**.  The Clerk shall strike this matter from the active

docket.

Greg N. Stivers, Chief Judge

United States District Court

August 10, 2022

cc:     counsel of record